**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5380-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAMES WHEELER, a/k/a
COOFIE, KOOFY, and
JAMES E. WHEELER,

     Defendant-Appellant.

_____

Submitted December 8, 2020 – Decided December 21, 2020

Before Judges Haas and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 16-03-0380.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Ednin D. Martinez, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant James Wheeler appeals from the Law Division's April 18, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm in part, reverse in part, and remand for further proceedings.

In March 2016, a Hudson County grand jury returned a thirty-two count indictment charging defendant in eight of the counts with first degree murder, N.J.S.A. 2C:11-3(a)(l) and (2) (count one); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(l) (counts two and three); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (counts four and five); third-degree receiving stolen property, N.J.S.A. 2C:20-7 (count six); second-degree conspiracy, N.J.S.A. 2C:5-2 (count thirteen); and third-degree hindering, N.J.S.A. 2C:29-3(a)(3) (count fourteen).

On January 9, 2018, defendant pled guilty to an amended charge of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), under count one. On March 23, 2018, a judge sentenced defendant in accordance with the terms of his negotiated plea agreement to sixteen years in prison, subject to an 85% period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

In imposing the sixteen-year sentence recommended in the plea agreement, the judge applied aggravating factor two. As set forth in N.J.S.A. 2C:44-1(a)(2), a sentencing judge should consider:

> [t]he gravity and seriousness of harm inflicted on the victim, including whether or not the defendant knew or reasonably should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to advanced age, ill-health, or extreme youth, or was for any other reason substantially incapable of exercising normal physical or mental power of resistance[.]

Here, defendant admitted during his plea colloquy that he indiscriminately fired several shots on the street where there was a crowd. The victim was struck and killed while he was working on his car. The judge accepted the State's contention at sentencing that aggravating factor two applied. The judge found that the victim "was particularly vulnerable because he was working on his car. He was not armed, he was just going about his business. As innocent a bystander as you can be." Defendant did not file a direct appeal from his conviction or sentence.

In August 2018, defendant filed a timely petition for PCR. In the certification he filed in support of this application, defendant asserted that his plea counsel was ineffective because she did not provide him with sufficient assistance in connection with his plea. After defendant was assigned PCR

3

counsel, he filed a second certification in which he alleged that his plea counsel provided ineffective assistance to him at the time of sentencing because she did not oppose the prosecutor's request that the sentencing judge apply aggravating factor two, N.J.S.A. 2C:44-1(a)(2), in determining his sentence. Defendant alleged that this factor was not applicable to him under the facts of this case and, if the judge had not considered it, he might have received a sentence below the sixteen-year term set forth in the plea agreement.

Defendant's PCR attorney filed a certification of his own in which he alleged, without having any first-hand knowledge, that defendant's plea counsel successfully negotiated an agreement with the prosecutor under which the State would recommend a ten-year term, subject to NERA, at the time of sentencing. However, the PCR attorney claimed that defendant's plea counsel did not advise defendant of this agreement. As a result, defendant was forced to later agree to the sixteen-year term.

Defendant's attorney based this claim upon some notes he found in the plea attorney's file. One of the handwritten notes states that on June 19, 2017, the attorney met with the prosecutor. At that time, the prosecutor was proposing that defendant agree to a thirty-year sentence without parole. The note states that the attorney countered with a seven-year sentence, which the prosecutor

stated "wouldn't fly" with the prosecutor's office. The attorney wrote, "Client indicated he'd take [ten] years" and she proposed a ten-year term to the prosecutor. The note then states, "AP Zuppa said he'd take it"; however, there is no period at the end of this phrase. Thus, it is not clear whether the assistant prosecutor had agreed to "take" the offer, or whether the note was unfinished and defendant's attorney was merely indicating that the prosecutor would "take" the offer to his superiors for review, consistent with her earlier notation that a low offer like this "wouldn't fly."

Typewritten notes attached to the handwritten document state that on September 18, 2017, the attorneys discussed the status of plea negotiations with the judge. At that time, the prosecutor was still offering thirty years without the possibility of parole and had told defendant's attorney that her proposal for a ten-year sentence was "too low." The note states that defense counsel conveyed this information to defendant, who stated he would not accept anything beyond ten years.

As defendant's PCR attorney conceded in his own certification, "[t]here is nothing contained in the file that explains or sheds any light on the notes, nor [was the attorney] aware of any other information of any kind that would explain or elucidate them." Defendant did not submit a certification from his plea

5

counsel and did not even provide a certification of his own in support of his claim that he was not kept advised of the status of the plea negotiations.

Under these circumstances, the PCR judge rejected defendant's contention that he was entitled to an evidentiary hearing on the question of whether defendant's plea attorney failed to communicate a favorable ten-year proposal from the State. The judge found that defendant failed to present any competent evidence to support his allegation that the prosecutor agreed to a ten-year sentence or that his own attorney hid this information from defendant.

Turning to defendant's argument that his attorney was ineffective by failing to object to the application of aggravating factor two at sentencing, the judge agreed with defendant that this factor should not have been applied in this case. Defendant admitted that he indiscriminately fired his gun into the vicinity of the crowd without regard to the possibility that someone might be killed. Thus, the victim was not any more vulnerable to harm than anyone else in the group that was on the street at that time and, therefore, aggravating factor two was inapplicable.

However, even though defendant was raising an ineffective assistance of counsel claim, which is usually reserved for PCR proceedings rather than being

cognizable on a direct appeal,[1] the judge determined that defendant should have raised this issue in a direct appeal of his sentence. In so ruling, the judge relied upon Rule 3:22-4, which states that "[a]ny ground for relief not raised in the proceedings resulting in the conviction . . . , or in any appeal taken in any such proceedings is barred from assertion in a [PCR] proceeding" unless certain exceptions apply.[2] This appeal followed.

On appeal, defendant raises the following contentions:

POINT ONE

THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED REGARDING PLEA COUNSEL'S FAILURE TO COMMUNICATE A FAVORABLE PLEA OFFER TO HER CLIENT.

POINT TWO

THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED REGARDING PLEA COUNSEL'S FAILURE TO OBJECT TO THE TRIAL COURT DOUBLE COUNTING AN ELEMENT OF THE OFFENSE AS AN AGGRAVATING FACTOR.

---

[1] See, e.g., State v. Preciose, 129 N.J. 451, 459-60 (1992) (noting that our Supreme Court has expressed a preference for resolving ineffective assistance of counsel claims on collateral review).

[2] One of these exceptions is Rule 3:22-4(a)(1) which permits a PCR court to consider the matter if "the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding . . . ."

7

Turning first to Point I, defendant argues he was entitled to an evidentiary hearing based upon his PCR attorney's speculative claim that his plea attorney failed to communicate a favorable plea offer to him. We disagree.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he [or she] was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance. Preciose, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a

fair trial.  Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).  The United States Supreme Court has extended these principles to a criminal defense attorney's representation of an accused in connection with a plea negotiation.  Lafler v. Cooper, 566 U.S. 156, 162-63 (2012); Missouri v. Frye, 566 U.S. 134, 143-44 (2012).

There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Strickland, 466 U.S. at 690.  Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding.  United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

Applying these standards, we are satisfied that defendant's claim that his plea counsel negotiated, but did not advise him of, a ten-year proposed sentence lacks merit.  This allegation is based entirely upon defendant's PCR attorney's second-hand interpretation of the plea attorney's notes.  However, defendant did not provide a certification from the plea attorney corroborating this interpretation.  Defendant also did not provide a certification of his own in support of his claim that he received no information from his attorney concerning the plea negotiations.

A defendant is obliged to establish the right to PCR by a preponderance of the evidence. Preciose, 129 N.J. at 459. The court must consider the defendant's "contentions indulgently and view the facts asserted by him in the light most favorable to him." Cummings, 321 N.J. Super. at 170. However, a defendant must present facts "supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid.

Here, defendant's petition is unsupported by cognizable evidence. Defendant presented no first-hand certification from himself or his plea counsel attesting to the facts alleged by his PCR attorney, who had no personal knowledge of anything that transpired during the plea negotiations. Thus, defendant's contention concerning the existence of an undisclosed plea agreement is a classic "bald assertion" that did not warrant an evidentiary hearing or PCR relief. Ibid.

In Point II, defendant argues that his plea attorney was ineffective because she did not argue against the application of aggravating factor two at the time of sentencing. We agree.

As the State now concedes, and as the PCR judge recognized, aggravating factor two was not applicable to the circumstances of this case. The victim's

A-5380-18T3

death was a serious tragedy, but the fact that the victim died as a result of defendant's actions was a required element of the offense of first-degree aggravated manslaughter. In addition, the fact that defendant was working on his car at the time defendant shot into the street did not mean that defendant "knew or reasonably should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to advanced age, ill-health, or extreme youth, or was for any other reason substantially incapable of exercising normal physical or mental power of resistance" as required by N.J.S.A. 2C:44-1(a)(2).

We disagree with the PCR judge's determination that defendant's contention that his attorney was ineffective was barred under Rule 3:22-4. As noted above, ineffective assistance of counsel arguments raised on direct appeal are almost always deferred until the PCR proceeding. Preciose, 129 N.J. at 459-60. In view of the State's candid concession that aggravating factor two does not apply, we conclude that a resentencing is required in the interest of justice.

Accordingly, we remand this matter to the trial court for resentencing without consideration of aggravating factor two. Nothing within this opinion forecasts any views on the length of the sentence the court should impose on

11

remand. We say no more than that the sentence must be determined after the consideration of all applicable aggravating and mitigating factors.

Affirmed in part; reversed in part; and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5380-18T3